consideration and that therefore it is sufficient to confine our-
selves here to a short condensation of this case.

The facts in substance were these: John Plainos and Savo
Plainos were engaged in the business of selling vinous and malt
beverages containing alcohol in excess of one-half of one percent by
volume in a part of the City of Houston that on September 15, 1912 was
a separate municipality known as the City of Houston Heights. On said
last named date at a valid local option election the qualified voters
of the City of Houston Heights adopted local option and prohibited
the sale of liquor within said territory. On February 20, 1918 the
people of Houston Heights voted to dissolve said municipality and
since that time the area comprising Houston Heights has been an inte-
gral part of the City of Houston. Since the adoption of local option
on September 15, 1912, there had never been held a local option elec-
tion in and for the territory which was formerly the City of Houston
Heights, legalizing the sale of alcoholic beverages and there had not
been a local option election in and for the City of Houston. The area
which was formerly the City of Houston Heights is not co-extensive with
a justice's precinct, a Commissioner's precinct, a city, town or county.

Under these facts it was agreed that the sole question of law
involved in the cause was:

"Is that territory which was formerly the City of Houston
Heights, and now being a part of the City of Houston, Harris
County, Texas, a wet or a dry area?"

The case in which the above facts appeared began when, upon the
affidavit of one O. W. Houchins, the Honorable William McCraw, then the
Attorney General of Texas, filed suit in the District Court of Harris
County, Texas against John and Savo Plainos to enjoin them from selling
or distributing vinous or malt beverages containing alcohol in excess of
one-half of one per cent in the territory comprised within the area of
what was once the City of Houston Heights, in Harris County, Texas. The
District Court granted the injunction as prayed for by the Attorney General;
Plainos being unsuccessful in an attempt to dissolve the temporary injunc-
tion in the District Court, appealed to the Galveston County of Civil
Appeals, which reversed the judgment of the District Court and dissolved
the temporary injunction. (106 S.W. (2) 745). The Supreme Court of Texas
granted a writ of error, and on November 24, 1937 handed down its opinion,
written by Justice Critz, reversing the judgment of the Court of Civil
Appeals and affirming the judgment of the trial court. The rules laid
down in this opinion by the Supreme Court are substantially to the follow-
ing effect; the language is mostly from the syllabi, but for the sake of
brevity, it is not quoted directly.

1.  Where City of Houston Heights voted to become a dry area in 1912, and in 1918 was dissolved and annexed to wet city of Houston, its area remained dry in 1919 when prohibition amendment was adopted, and was saved as a dry area, with right to become wet by local option election, by 1933 and 1935 amendments (citing Texas Constitution, Arts. 666-1 et seq. and 667-1 et seq. of Vernon's Annotated Penal Code).

2.  The dry city of Houston Heights did not vote to become a wet area by voting to become a part of the wet city of Houston (citing Constitution, Art. 16, Sec. 20, as amended in 1891, 1919 and 1933).

3.  Where power is given by Constitution, and means by which, or manner in which it is to be exercised is prescribed, such means or manner is exclusive.

4.  Under local option amendment of 1933, the area of any county, justice's precinct, town, or city that was dry when entire state became dry under prohibition, remained dry with the privilege of becoming wet, as respects light liquors, by so voting at an election held in and for the exact area that had originally voted dry. (Citing 1933 amendment to Art. 16, Sec. 20, Constitution of Texas.)

5.  Though towns and cities are not ordinarily classed as political subdivisions of counties, the areas of justice's precincts, towns, and cities are included in the phrase "any political subdivision thereof" in local option amendment. (Citing the 1933 amendment to Art. 16, Sec. 20 of the Constitution). And, courts will not follow the letter of the statutes where to do so would violate its purpose and lead to a conclusion contrary to evident governing intent.

6.  Under 1935 amendment of intoxicating liquor law, the area of any county, justice's precinct, city or town that was dry when amendment went into effect remains dry with right to become wet by so voting at election under present local option statutes held in same area that originally voted dry (citing 1935 amendment to Art. 16, Sec. 20 of the Constitution and Vernon's Texas Penal Code, 1936, Arts. 666-1 et seq. and 667-1 et seq.) and, where city has ceased to exist as a municipal corporation, it still exists for purpose of holding local option election to make area thereof wet either as respects all intoxicating liquors or only as respects wine and beer. (Citing Vernon's Texas Penal Code 1936, Arts. 666-1 et seq. and 667-1 et seq. and the 1935 amendment of Art. 16, Sec. 20 of the Constitution.).

The court cites many authorities in addition to those hereinabove cited supporting the principle laid down in each of the above paragraphs. Said citations may be found upon reference to this opinion as printed in the reports.

You are advised that in accordance with the Constitution and the Statutes of this State as expounded by the Supreme Court in the case above cited and digested and the authorities there cited, it is the opinion of this department that the area located within the former City of Magnolia Park, a part now of the City of Houston, is a dry area, and will so remain unless and until the qualified voters of such area at a local option election held for such purpose vote in favor of the sale of alcoholic beverages within one of the classifications permitted by law.

We trust that this satisfactorily answers your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

s/ Robt. F. Cherry

Robert F. Cherry
Assistant

APPROVED APR 8, 1942

s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

RFC:MBT:egw

Approved: Opinion Committee
By: BWB Chairman